# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| WILLIE G. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV412-100 |
| | ) | |
| PHILLIPS WINTERS | ) | |
| APARTMENTS, INDEPENDENT | ) | |
| LIFESTYLES, INC., and | ) | |
| HALLMARK MANAGEMENT: | ) | |
| ETHAL JACKSON and JANET | ) | |
| STRICKLAND, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Willie G. Smith has submitted for filing a complaint alleging housing discrimination in violation of the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, along with a motion seeking leave to proceed *in forma pauperis* ("IFP"). (Docs. 1, 2 (IFP motion), 4 (amended complaint), 5 (renewed IFP motion).) His IFP motions are **GRANTED** for the purposes of this report and recommendation, but this case should be dismissed since it was filed well outside of the FHA's two-year statute

of limitations.

Under 28 U.S.C. § 1915(e)(2) the Court "shall dismiss" any IFP complaint if it determines that the action is frivolous, malicious, or fails to state a claim for relief. Here, plaintiff has failed to state a claim for relief. He insists that defendants violated his rights under the FHA in both 2005 and 2008. (Doc. 1; doc. 4 (amended complaint).) The statute of limitations applicable to FHA actions, however, bars actions commencing more than two years after the complained-of discrimination. 42 U.S.C. § 3613(a). While plaintiff tries to frame defendants' actions as a "continuing" violation (doc. 1 at 13), that argument fails. As explained by the Eleventh Circuit, "[a] claim arising out of an injury which is 'continuing' only because a putative plaintiff knowingly fails to seek relief is exactly the sort of claim that Congress intended to bar by the . . . limitation period." *Telesca v. Village of Kings Creek Condominium Ass'n, Inc.*, 390 F. App'x 877, 882 (11th Cir. 2010) (quoting *Roberts v. Gadsden Mem'l Hosp.*, 850 F.2d 1549, 1550 (11th Cir. 1988) (per curiam)). In other words, when a plaintiff knows of discrimination and fails to file a claim within the two-year limitations period, he cannot overcome that failure by alleging that the discrimination is continuing.

*Id.*

Plaintiff has failed to state a claim for relief. Accordingly, his case should be **DISMISSED**.

**SO REPORTED AND RECOMMENDED** this 2nd day of May, 2012.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA