```
                                                    FILED
                                              U.S. DISTRICT COURT
                                                SAVANNAH DIV.
         IN THE UNITED STATES DISTRICT COURT FOR
           THE SOUTHERN DISTRICT OF GEORGIA 2012 MAY 23  AM 10: 31
                    SAVANNAH DIVISION
                                              CLERK_____
                                                SO. DIST. OF GA.
```

WILLIE G. SMITH,                )
                                )
    Plaintiff,                  )
                                )
v.                              )   CASE NO. CV412-100
                                )
PHILLIPS WINTERS APARTMENTS,    )
a/k/a Independent Lifestyles,   )
Inc.; HALLMARK MANAGEMENT;      )
ETHAL JACKSON; and JANET        )
STRICKLAND;                     )
                                )
    Defendants.                 )
_____)

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 7), to which objections have been filed (Doc. 10). After a careful de novo review of the record, the Court finds Plaintiff's objections without merit and concurs with the report and recommendation. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case and Plaintiff's case is **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

Plaintiff objects to the computation of the two-years limitations period and claims that 42 U.S.C. § 3613(a)(1)(B) excludes any time during which administrative proceedings are pending. (Doc. 10 at 1.) However, Plaintiff avers that "[f]rom January 1, 2005 until April 1, 2007, [he] paid Defendants the unlawful 'Full Contract Rent' " and also that

"[on June 20, 2008], the Defendant had continued to enforce their retaliatory, discriminatory, and unauthorized policy." (Doc. 4 ¶¶ 17, 22.)  As discussed in the report and recommendation, "[a] claim arising out of an injury which is 'continuing' only because a putative plaintiff knowingly fails to seek relief is exactly the sort of claim that Congress intended to bar by the . . . limitation period." Roberts v. Gadsen Mem'l Hosp., 850 F.2d 1549, 1550 (11th Cir. 1988) (per curiam); see also Telseca v. Vill. of Kings Creek Condo. Ass'n, 390 F. App'x 877, 882 (11th Cir. 2010).  Here, Plaintiff admits knowledge of the discrimination starting back in 2005[1]—a period well outside of the two-year statute of limitations period, regardless of any excludable time. Plaintiff cannot overcome the two-year bar by simply alleging that the discrimination is a continual violation.  See Telseca, 390 F. App'x at 882.  Accordingly, Plaintiff's case is **DISMISSED**.  The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 23RD day of May 2012.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] In his amended complaint, Plaintiff alleges that "January 1, 2005 is when Defendants retaliated and discriminated against Plaintiff, because this is when the palpable act of discrimination occurred." (Doc. 4 ¶ 31.)